Jane E. Nohr Assistant Attorney General Kansas Bureau of Investigation 1620 S.W. Tyler Topeka, Kansas 66612
Dear Ms. Nohr:
You inquire whether requiring United States citizenship for licensure as a private detective offends the Equal Protection Clause of the 14th
Amendment to the United States Constitution, which prohibits a state from denying to any person "the equal protection of the laws."[1]
K.S.A. 2003 Supp. 75-7b04 provides, in part:
 "Before an application for a [private detective] license may be granted, the applicant, or if the applicant is an organization, all of the officers, directors, partners or associates shall . . . be a citizen of the United States."
The effect of this restriction is to prohibit all aliens[2] from obtaining private detective licenses in the State of Kansas.
The United States Supreme Court has considered similar issues on at least three occasions[3] and has invalidated, under the Equal Protection Clause, United States citizenship requirements for licensure as an attorney, notary public, and civil engineer.[4]
In In re Griffiths,[5] a resident alien successfully challenged a Connecticut court rule restricting admission to that state's bar to United States citizens. Because classifications based upon alienage are "inherently suspect and subject to close judicial scrutiny," the Court applied a "strict scrutiny" review which required the State to justify its classification by demonstrating "that its purpose or interest is both constitutionally permissible and substantial, and that its use of the classification is necessary to the accomplishment of its purpose or the safeguarding of its interest."[6]
The State attempted unsuccessfully to decrease the level of judicial scrutiny to the "rational basis" standard[7] by arguing that, as officers of the court, attorneys fall within the "political function" exception that allows exclusion of aliens from "positions intimately related to the processes of democratic self-government."[8] However, the Court rejected the State's position, concluding that while lawyers have been leaders in government, they are not "officials of government by virtue of being lawyers."[9]
The Griffiths rationale was applied in Examining Board of Engineers v.Otero,[10] and in Bernal v. Fainter,[11] where the United States Supreme Court struck United States citizenship requirements for civil engineers and notary publics.
We discern no difference constitutionally between a private detective license and a license to be a notary public or to practice law or civil engineering. Therefore, it is our opinion that the requirement of United States citizenship for licensure as a private detective violates the Equal Protection Clause of the 14th Amendment to the United States Constitution.
We note that federal law provides that certain aliens are ineligible for professional licenses issued by a state agency.[12] In an Equal Protection challenge, it is unclear what level of scrutiny a court would apply.[13] However, as the issue here is whether a private detective license can be denied because the applicant is not a United States citizen, it is our opinion that the Equal Protection Clause prohibits such denial. We reserve for another day the question of whether the Equal Protection Clause prohibits discrimination between different classifications of aliens who apply for private detective licensure.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Mary Feighny Assistant Attorney General
PK:JLM:MF:jm
[1] U.S. Const., Amend. 14.
[2] An `alien' is "any person not a citizen or national of the United States." 8 U.S.C. § 1101. Federal law classifies an alien as either a `nonimmigrant alien' (an alien who is granted temporary residence in the United States for specific purposes) or an `immigrant alien' (an alien who is granted permanent residence in the United States.) Wallace v.Calogero, 286 F. Supp.2d 748 (E.D.La. 2003).
[3] Bernal v. Fainter, 467 U.S. 216, 104 S.Ct. 2312, 81 L.Ed.2d 175
(1984); Examining Board of Engineers v. Otero, 426 U.S. 572, 96 S.Ct. 2264,49 L.Ed.2d 65 (1976); In re Griffiths, 413 U.S. 717, 93 S.Ct. 2851,37 L.Ed.2d 910 (1973).
[4] Id.
[5] Note 3.
[6] Griffiths, 413 U.S. at 721-22.
[7] Under the rational basis test, a law is constitutional despite some unequal classification, if the classification bears some reasonable relationship to a valid legislative objective. Mudd v. Neosho MemorialRegional Medical Center, 275 Kan. 187 (2003).
[8] Bernal, 467 U.S. at 420. Examples of this exception include police officers, teachers, probation officers, voters, jurors, and office holders.
[9] Griffiths, 413 U.S. at 729.
[10] Note 3.
[11] Note 3.
[12] 8 U.S.C.S. § 1621. "[an] alien who is not . . . (1) a qualified alien, (2) a nonimmigrant . . . , (3) or an alien who is paroled into the United States . . . for less than one year, is not eligible for any State or local public benefit." "`State or local public benefit' means any . . . professional license . . . provided by an agency of a State . . ."
[13] See Wallace v. Calogero, 286 F. Supp.2d 748 (E.D. La. 2003) (strict scrutiny review applies in challenge by nonimmigrant alien to state Supreme Court rule restricting bar membership to citizens and immigrant aliens). But see Leclerc v. Webb, 270 F. Supp.2d 779 (E.D. La. 2003) (rational basis review applied in situation similar toWallace).